## McNearney v. Jersey Creamery, Inc.

*David H. Lund*, for plaintiff.

*Joseph A. DeSantis*, for defendant.

EVANS, P. J., January 20, 1956.—Before us in the above-entitled matter is a petition for stay of execution on a judgment entered by plaintiff against defendant in the amount of $2,380.98, which includes interest from July 1, 1949.

In the complaint filed in assumpsit it is shown that the indebtedness existed prior to January 1949, and that plaintiff with other creditors executed a "stand-by" agreement under which plaintiff agreed to take no action or institute any proceedings to collect all or any part of this indebtedness against defendant for a period of three years. The consideration for this extension of time was the execution of a loan with the Reconstruction Finance Corporation, the proceeds of which were used to pay all the creditors of defendant a portion of the sums due them. The "stand-by" period referred to in the agreement elapsed on July 1, 1952.

The petition for stay of proceedings sets forth that the Reconstruction Finance Corporation in consideration of the agreement by the creditors made a loan to defendant in the amount of $60,000, evidenced by a mortgage recorded June 13, 1949, in Erie County Mortgage Book 372, page 35, and by a chattel mortgage in like amount dated June 3, 1949, and recorded June 13, 1949, in Erie County Mortgage Book 284, page 145. These mortgages are now by assignment owned by the Security Peoples Trust Company and have not been paid in full because of extensions granted.

The intent and the rights of the parties require our examination of the "stand-by" agreement, relative portions of which read as follows:

"Now, therefore, to induce Reconstruction Finance

Corporation to make and in consideration of the making of all or any part of the loan, borrower and "standby" creditors hereby represent, warrant, and covenant to and with each other and to and with Reconstruction Finance Corporation that until three years after the date of the note executed or to be executed to evidence the loan . . . (2) without the prior written consent of the Reconstruction Finance Corporation, 'stand-by' creditors will take no action to assert, collect or enforce all or any part of their claim."

Defendant contends that above recited paragraph 2 prevents, for any unlimited time until the Reconstruction Finance Corporation has been paid or given written consent plaintiff's right to assert any action to recover the unpaid balance of his claim. Plaintiff contends that this is one of nine stipulated provisions to apply only for the period of three years, and in our opinion that was clearly the expressed intent and import of the above recited provisions. Otherwise, the restraint fixed for the definite period of three years would not have been included in the agreement. Under the construction sought by defendant, the Security Peoples Trust Company as assignee could for any reason satisfactory to itself forego or delay payments on its prior obligations and thereby permanently deprive the "stand-by" creditors from ever receiving the balance of their claims. Such was certainly not the intention of the parties.

As a practical matter, if defendant is still in bad financial circumstances, bankruptcy may follow execution; but there is nothing which justifies the court in interfering with plaintiff as to the rights he now has under the contract and according to law.

And now, to wit, January 20, 1956, the petition for stay of execution in the judgment entered at the above term and number is refused.